IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                          CASE NO.      5:11-cr-50121-004
                                          5:16-cv-05110

GLADIS HARO                                                 DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff/Respondent's Motion to Withdraw (Doc. 227) her Motion

Pursuant to 28 U.S.C. § 2255 (Doc. 221).  No service of the § 2255 Motion was authorized and,

therefore, the United States of America has not filed a response.  The matter is ready for Report and

Recommendation.

**I.  Background**

On January 25, 2012, Defendant/Petitioner, Gladis Haro ("Haro"), was named in a

Superseding Indictment charging her with conspiracy to distribute a controlled substance, namely,

cocaine, methamphetamine, and cocaine base (Count One) and conspiracy to commit money

laundering (Count Two).  (Doc. 28)  Haro appeared for arraignment on February 3, 2012, and she

entered a not guilty plea to each count of the Superseding Indictment.  (Doc. 42)

On April 25, 2012, Haro appeared before the Honorable James R. Marschewski, Magistrate

Judge, for a change of plea hearing.  (Doc. 124)  Pursuant to a written Plea Agreement (Doc. 125),

Haro pleaded guilty to Count Two of the Superseding Indictment charging her with conspiracy to

commit money laundering.  (Doc. 124)  A Report and Recommendation that Haro's guilty plea be

accepted and the Plea Agreement tentatively approved, subject to final approval at sentencing, was

filed by Judge Marschewski on April 26, 2012.  (Doc. 130)  An Order adopting the Magistrate Judge's Report and Recommendation *in toto* was entered by the Honorable Jimm Larry Hendren, District Judge, on April 26, 2012.  (Doc. 135)

A Presentence Investigation Report ("PSR") was prepared on July 20, 2012.  (Doc. 175)  In it, Haro was held accountable for $316,576.01 in drug trafficking proceeds laundered in the conspiracy (Doc. 175, ¶ 46), and that resulted in a base offense level of 20 (Doc. 175, ¶ 51).  Specific offense characteristics resulted in a total increase of eight levels (Doc. 175, ¶¶ 52, 53), and an adjustment for Haro's role in the offense as an organizer, leader, manager, or supervisor resulted in another two level increase (Doc. 175, ¶ 55).  After a reduction of three levels for acceptance of responsibility (Doc. 175, ¶¶ 58, 59), Haro's total offense level was determined to be 27 (Doc. 175, ¶ 60).  Haro was found to have three criminal history points, placing her in criminal history category II.  (Doc. 175, ¶ 64)  The statutory maximum term of imprisonment for the offense of conviction was 20 years.  (Doc. 175, ¶ 85)  Based on a total offense level of 27 and a criminal history category of II, the advisory guideline range for imprisonment was 78 to 97 months.  (Doc. 175, ¶ 86)

No enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B), nor any enhancement as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.1, was reported in Haro's PSR.

Haro appeared for sentencing on October 18, 2012.  (Doc. 174)  The Court made inquiry that Haro was satisfied with her counsel, final approval of the Plea Agreement was expressed, and the Court imposed a guidelines sentence of 84 months imprisonment, no supervised release, a $25,000.00 fine, and $200.00 in special assessments.  (Doc. 174)  Judgment was entered by the Court on October 19, 2012.  (Doc. 197)  Haro did not pursue a direct appeal from the Judgment.

On May 20, 2016, Haro filed her *pro se* Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015), & its Progeny, Gonzalez-Longoria v. U.S., No. 15-40041, S.Ct. (2016).  (Doc. 221)  The Petition was not a standard form § 2255 petition, and it did not contain any factual allegations setting forth why the case falls into the category of persons who qualify for relief under *Johnson*.  (Doc. 221, p. 5)  On May 24, 2016, the undersigned entered an Order directing the Clerk of the Court to forward to Haro a blank § 2255 form, and further ordering Haro to complete the § 2255 form and file it with the Clerk of the Court within 30 days of the entry of the Order.

On June 23, 2016, Haro filed her Motion to Withdraw (Doc. 227), seeking to withdraw her § 2255 Petition (Doc. 221).  In her Motion to Withdraw, Haro states that she lacks education in the English language, which is a barrier to her understanding of the laws of the United States, and that she depends on "jail house" attorneys to file motions on her behalf, "[w]hich sometimes can lead to [m]isconceptions."  (Doc. 227, p. 1)

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  A thorough review of Haro's § 2255 Motion and the files and records of this case conclusively shows that Haro is not entitled to relief under *Johnson*, and the undersigned recommends that her Motion to Withdraw (Doc. 227) be granted, and that her Motion Pursuant to § 2255 (Doc. 221) be dismissed with prejudice.

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 574 U.S. ___, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), ruling that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  On April 18, 2016, the Supreme Court decided in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016) that its ruling in *Johnson* announced a substantive rule that applied retroactively on collateral review.

Haro's § 2255 Motion seeks to obtain relief "in light of the retroactive effect of *Johnson*." The problem, however, is that Haro set forth absolutely no allegations in her § 2255 Motion explaining why she is entitled to such relief.  (Doc. 221, p. 5)  When this was called to Haro's attention, and she was ordered to submit a standard form § 2255 petition, she instead sought to withdraw her § 2255 Motion.  (Doc. 227)

Notably, a review of Haro's PSR shows that her advisory guidelines sentencing range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2).  There is, therefore, no basis upon which Haro could seek to benefit from the Supreme Court's ruling in *Johnson*.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Haro's Motion to Withdraw (Doc. 227) be **GRANTED**, and that Haro's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 221) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 24th day of June, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE